# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

KING DAVID CATHEY,

    Plaintiff,

    v.

STATE TROOPER, *et al.*,

    Defendants.

Case No. 3:22-cv-00020-SLG-KFR

**REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE**

On February 1, 2022, King David Cathey, a self-represented prisoner (hereinafter "Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (hereinafter "Complaint"); a civil cover sheet; a Prisoner's Application to Waive Prepayment of the Filing Fee; and an affidavit.[1] On June 3, 2022, this Court issued a Screening Order finding that Plaintiff failed to state a claim upon which relief may be granted, but provided guidance on the Complaint's deficiencies, and granted leave to amend.[2] The Court's Screening Order instructed: "If Plaintiff does not file either an Amended Complaint or a Notice of Voluntary Dismissal on the Court's form by July 5, 2022, this case may be dismissed without further notice to Plaintiff, and he risks receiving a strike."[3]

### I. Failure to Prosecute

As of the date of this Report and Recommendation, Plaintiff has not filed an Amended Complaint or a Voluntary Notice of Dismissal, as ordered by the Court's June 3, 2022 Screening Order.[4] For that reason, this Court now recommends that the

---

[1] Dkts. 2–4.
[2] Dkt. 7
[3] Docket 7 at 16.
[4] Dkt. 7.

District Court dismiss Plaintiff's Complaint without prejudice for failure to prosecute.

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[5]

Here, the first two factors — the public's interest in expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. Plaintiff's failure to file an amended complaint within the specified timeline suggests Plaintiff does not intend to litigate this action diligently.[6] Further, a presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[7] Because Plaintiff has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[8]

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[9] However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but

---

[5] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

[6] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward... disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").

[7] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *See Hernandez v. City of El Monte,* 138 F.3d 393, 401 (9th Cir.1998) (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

[9] *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

Report and Recommendation to Dismiss
*Cathey v. State Trooper et al.*
3:22-cv-00020-SLG-KFR
2

Case 3:22-cv-00020-SLG-KFR   Document 8   Filed 09/22/22   Page 2 of 5

whose conduct impedes progress in that direction,"[10] which is the case here. Thus, although this factor typically weighs against dismissal, it does not overcome Plaintiff's failure to amend his complaint.

The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."[11] The Court's Screening Order provided Plaintiff guidance on relevant law and an opportunity to amend his complaint.[12] Further, the Court expressly warned Plaintiff that his failure to comply with the Court's order would result in a dismissal of this action.[13]

The Court cannot move this case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Additionally, Plaintiff had adequate warning that dismissal could result from his noncompliance. The Court finds no other lesser sanction to be satisfactory or effective in this case.[14] Accordingly, this Court recommends dismissal for failure to prosecute.

---

[10] *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).

[11] *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (internal citation omitted).

12 Dkt. 7 (providing guidance about Fed. R. Civ. P. 8, *Younger* abstention, and the pleading requirements of a § 1983 claim)

[13] *Id.* at 15-16.

[14] *See, e.g., Henderson*, 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Adriana International Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir.1990) (explaining despite all the elaboration of factors, it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

Report and Recommendation to Dismiss
*Cathey v. State Trooper et al.*
3:22-cv-00020-SLG-KFR
3

This dismissal will count as a "strike" against Plaintiff under § 1915(g).[15] Plaintiff already has one strike from a prior dismissed lawsuit (*Cathey v. Matsu Property Officer,* Case No. 3:17-cv-150-RRB). After three strikes, Plaintiff will be unable to file lawsuits under *in forma pauperis* status, unless he demonstrates "imminent danger of serious physical injury."[16] The Court cautions Plaintiff as to his strike status.

**IT IS THEREFORE RECOMMENDED:**

1. This action should be **DISMISSED WITHOUT PREJUDICE**.

2. This dismissal should constitute a second strike to Plaintiff under 28 U.S.C. § 1915(g). And the Court should instruct Plaintiff that if he receives a third strike, he will be unable to file future lawsuits in federal court without paying the filing fee or demonstrating he is in imminent danger of serious physical injury with any request to waive prepayment of the filing fee.

3. The Clerk of Court should issue a final judgement.

DATED this 22nd day of September, 2022 at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations

---

[15] *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1722 (2020) (holding that Section 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without prejudice.).

[16] 28 U.S.C. § 1915(g).

Report and Recommendation to Dismiss
*Cathey v. State Trooper et al.*
3:22-cv-00020-SLG-KFR
4
Case 3:22-cv-00020-SLG-KFR   Document 8   Filed 09/22/22   Page 4 of 5

to the presiding district court judge.[17] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[18]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[19] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[20]

---

[17] 28 U.S.C. § 636(b)(1)(B).
[18] 28 U.S.C. § 636(b)(1)(C).
[19] *Id.*
[20] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Report and Recommendation to Dismiss
*Cathey v. State Trooper et al.*
3:22-cv-00020-SLG-KFR
5

Case 3:22-cv-00020-SLG-KFR   Document 8   Filed 09/22/22   Page 5 of 5