# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

KING DAVID CATHEY,

                Plaintiff,

      v.

STATE TROOPER, *et al.*,

                Defendants.

Case No. 3:22-cv-00020-SLG-KFR

## ORDER RE REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

On June 3, 2022 at Docket 7, Magistrate Judge Kyle F. Reardon issued a *Screening Order* instructing Plaintiff King David Cathey to file an *Amended Complaint* or a *Notice of Voluntary Dismissal* by July 5, 2022 or risk dismissal of this case. Plaintiff did not respond to the Court's order. On September 22, 2022 at Docket 8, Judge Reardon issued a *Report and Recommendation to Dismiss for Failure to Prosecute* in which he recommended that this action be dismissed without prejudice for failure to prosecute and that this dismissal constitute s a second strike to Plaintiff as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.* 590 U.S. ___, 140 S.Ct. 172 (2020).[1] Plaintiff did not file any objections or other response to the report.

_____

[1] 28 U.S.C. § 1915(g) prohibits a prisoner who has filed more than three actions or appeals in any federal court in the United States that are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "immediate danger of serious

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1).  That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[2]  A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[3]  However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[4]

The Court has reviewed the *Report and Recommendation to Dismiss for Failure to Prosecute* and agrees with its analysis.  Accordingly, the Court adopts the report in its entirety, and IT IS ORDERED that this action is DISMISSED WITHOUT PREJUDICE for failure to prosecute.  This dismissal shall be a second STRIKE as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.* 590 U.S. ___, 140 S.Ct. 172 (2020).

DATED this 27th day of October, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

physical injury."

[2] 28 U.S.C. § 636(b)(1).

[3] *Id.*

[4] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Case No. 3:22-cv-00020-SLG-KFR, *Cathey v. State Trooper, et al.*
Order re Report and Recommendation to Dismiss for Failure to Prosecute
Page 2 of 2
Case 3:22-cv-00020-SLG-KFR   Document 10   Filed 10/27/22   Page 2 of 2